On the morning of July 25, 1941, at approximately 1:45 a.m. Leonard C. Powell was driving his 1941 Packard sedan automobile, going south on the Scenic Highway or Bayou Sara Road in the City of Baton Rouge. He was traveling on his right side, that is, on the west side of said Bayou Sara Road, and when he arrived at a point some 37 paces south of the south curbing of Ellersie Drive and approximately 50 feet to the south of a fruit stand then located on the west side of said highway, he ran into the rear of a 1 1/2 ton Chevrolet truck belonging to defendant Cahn Electrical Company and being operated by defendant Paul Boyd, employee of said company, and insured by the defendant General Accident, Fire Life Assurance Corporation, Ltd.
As a result of this collision the Packard automobile of Leonard C. Powell was damaged to the extent of $576.18, and under the collision coverage policy issued to Powell by plaintiff Calvert Fire Insurance Company, that company paid the sum of $501.18 to Powell, being amount of damage sustained, less $75 deductible under the terms of the policy. In the accident Powell sustained personal injuries, including two broken ribs, various bruises and abrasions, and as a result, he was forced to remain away from his work entirely for approximately 8 or 9 days, and partly for some 4 or 5 weeks more, and was forced to secure medical attention and suffered loss of income because of his inability to work due to his injuries.
Plaintiff Powell sues the three defendants named for damage to the automobile in the sum of $75 not covered by his policy, and for loss of income and medical expense caused by his injuries, and the other plaintiff, Calvert Fire Insurance Company, sues the said defendant for the amount paid by it to Powell under the collision insurance policy. Plaintiffs claim that the accident was caused solely by the negligence of the employee of Cahn Electrical Company in parking his truck on a heavily traveled highway, without flares or light of any kind.
The defense is that, first, the accident was caused solely by the gross negligence and inattention of Powell in driving his car in the rear of this truck, which was properly parked and which was in plain view of on-coming traffic, due to a light shining on it from the fruit stand, and, secondly, they allege that if the Court should find Paul Boyd guilty of negligence, then in that event Leonard C. Powell was guilty of contributory negligence; and, thirdly, in the further alternative, the defendant plead that the said Leonard C. Powell had the last clear chance of avoiding a collision. On the basis of their first plea, to the effect that the accident was caused solely by the negligence and carelessness of Leonard C. Powell, the Cahn Electrical Company, assuming the position *Page 922 
of plaintiff in reconvention, prays for damage in the total amount of $260.05, consisting of $182.15 for actual damage to the truck, plus incidental expenses connected therewith.
This case was tried before Judge Jones, and after his death it was argued before Judge Herget, who rendered judgment on the main demand in favor of the three defendants and against the plaintiffs, Leonard C. Powell and Calvert Fire Insurance Company, rejecting their demands and dismissing their suit at their costs, and rendering judgment on the reconventional demand in favor of Cahn Electrical Company and against the defendant in reconvention, Leonard C. Powell, in the sum of $182.15, plus legal interest from judicial demand, and all costs. The defendant Leonard C. Powell has appealed.
The only serious question for our consideration is whether or not Mr. Paul Boyd, employee of the Cahn Electrical Company, was guilty of contributory negligence in parking the Chevrolet truck without flares or lights of any kind. The evidence shows convincingly that the plaintiff was guilty of negligence, especially his testimony to the effect that he did not see this parked truck until he was within 8 or 10 feet thereof, and this in spite of the fact that the truck was parked right next to the curb and that a light from a fruit stand about 50 feet north thereof, was shining on the rear of the truck. It will be noted also that the insurer of Powell has not joined in this appeal.
As far as the question of contributory negligence is concerned, it must rest entirely on the proposition of whether or not it was negligence in parking this truck at the time and place it was parked, without lights or flares. It is admitted that the truck did not have lights or flares, but the evidence does show that it was parked properly and close enough to the curb and that there was a light at the fruit stand which shone on the rear of the truck.
Plaintiff Powell contends that just prior to the accident he had been driving his Packard at about 25 miles per hour and that due to automobiles traveling from the other direction, with their bright lights burning, combined with the light from the fruit stand, he had been momentarily and intermittently blinded, and had slowed down to 20 miles per hour just before arriving at the spot where the truck was parked, and that upon perceiving the truck some 8 or 10 feet in front of him, he turned his Packard to the left and jammed on his brakes, but that he was unable to prevent the right front of his Packard from striking the left rear of the parked truck.
The evidence shows that upon impact the front wheels of this truck, which was loaded with iron, were pushed onto the curb and that the impact made a noise heard by a policeman some two or three blocks away. These physical facts indicate that Mr. Powell must have been driving at a speed considerably above 20 miles per hour, and the fact that he did not notice the truck until he was almost on it, indicates that he must have been guilty of gross inattention. In that connection it will be noted that one witness for the defendant, Mr. Porrier, testified that he was at the intersection of the Scenic Highway and the plank road crossing waiting at a red light when he noticed plaintiff coming south on the Scenic Highway, driving close to the curb, and that he perceived when Mr. Powell was within 50 yards of the parked truck that he would run into it unless he changed his course away from the curb, but that Mr. Powell did not change his course and consequently ran into this truck, which the witness states was easily discernible.
The preponderance of the evidence is to the effect that vehicles were customarily parked at the place where the accident occurred and without lights. The accident having occurred within the City of Baton Rouge, and there being no statute or ordinance of the said city prohibiting the parking of motor vehicles without lights in that neighborhood, it is our opinion the defendant was not guilty of any negligence in parking the Chevrolet truck and that the accident was caused solely by the negligence and inattention of Mr. Powell, and that consequently the judgment below is correct and it is affirmed. *Page 924